19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert JENKINS, Plaintiff-Appellant,
v.
James E. AIKEN, John L. Nunn, Don Silas, et al., Defendants-Appellees.
 No. 93-1155.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 24, 1994.
Decided March 28, 1994.
 
 1
 Before POSNER, Chief Circuit Judge, ROVNER, Circuit Judge, and GILBERT, Chief District Judge.*
 
 ORDER
 
 2
 This case is before us on appeal from the sua sponte dismissal of the pro se plaintiff's cause of action by the district court. For the following reasons, we reverse and remand for further proceedings.
 
 I. Background
 
 3
 On January 1, 1991, Robert Jenkins was placed in the Westville Correctional Center, ("WCC"), a prison in the Indiana state prison system, after a determination was made by the Indiana Reception and Diagnostic Center that Mr. Jenkins needed to undergo a psychiatric evaluation. Mr. Jenkins remained in WCC until December 3, 1991, at which time he was transferred to Maximum Control Complex ("MCC"), another penal facility in the Indiana state system, where, to the best of our knowledge, he remains today.
 
 
 4
 On June 22, 1992, Mr. Jenkins filed his pro se complaint with the court after the district court granted his application to partially proceed in forma pauperis, requiring the plaintiff to pay a $25.00 filing fee. The cause of action was filed under 28 U.S.C. Sec. 1983. The quite lengthy complaint concerned his treatment while a prisoner at WCC. The complaint asserts very serious allegations of rape, the Department of Corrections ("DOC") officers being accessories to rape, assaults on Mr. Jenkins by both prisoners and DOC officers, and the withholding of medical treatment by the guards and the medical staff.
 
 
 5
 On November 6, 1992, Jenkins filed a motion for a preliminary injunction, requesting an order directing the MCC officials to allow him access to legal materials and facilities so that he could litigate his cause of action concerning the treatment he received while incarcerated at WCC. On December 21, 1992, the district court entered an order denying Jenkins' motion for preliminary injunction. The entire three-page order solely discussed the merits of Jenkins' request for a preliminary injunction. However, at the end of the order, after denying the motion for preliminary injunction, the court added the words: "His complaint here is dismissed without prejudice." On December 23, 1992, judgment was entered. On January 7, 1993, Jenkins filed his notice of appeal.
 
 II. Analysis
 A. Standard of Review
 
 6
 We review the district court's decision to dismiss Jenkins' complaint de novo. Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir.1993).
 
 B. Discussion
 
 7
 In reviewing the district court's decision to dismiss Jenkins' complaint, we must accept as true the complaint's well-pleaded factual allegations and draw all reasonable inferences in Jenkins' favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir.1992); Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991). We may affirm the dismissal of Jenkins' complaint only if "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Upon a review of the complaint in this action, and the fact that the district court did not set forth any reasons whatsoever for its sua sponte dismissal of the plaintiff's complaint, we find that the dismissal of this action was an inadvertent mistake on the part of the district judge.
 
 
 8
 In so finding, we note that the defendants did not file a motion to dismiss the complaint, but instead filed an answer. While the ability of a district court to dismiss a complaint sua sponte under Federal Rule of Civil Procedure 12(b)(6), is an open question, see Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989),[1] the exercise of such power in this case would be erroneous because even a cursory review of the complaint is sufficient to establish that this case is not frivolous, fantastic or delusional. Even counsel for the appellees' conceded, in oral argument, that the complaint, on its face, stated a claim for relief.
 
 
 9
 The appellees request us to speculate as to the reasons why the district judge would have dismissed this case and thereby justify the dismissal. We decline this invitation. Frankly, we cannot understand why the appellees did not concede this appeal. Two things are clearly apparent from the record. First, the facts strongly suggest that the district court erroneously and inadvertently dismissed the plaintiff's cause of action when it ruled on the plaintiff's motion for preliminary injunction. Second, the appellees, represented by the Indiana Attorney General's office, knowing they were dealing with a pro se plaintiff, chose to not bring this apparent error to the district court's attention in hopes that the plaintiff's case would just go away, even in the face of the seriousness of the allegations contained in the complaint.
 
 
 10
 The appellees suggest that the appellant should have filed a motion for reconsideration or that he could have refiled his lawsuit since the dismissal was without prejudice. The appellees further assert that for these reasons the dismissal was harmless error. This argument is without merit. Under circumstances such as these where there is a pro se plaintiff and the district court clearly inadvertently dismissed the plaintiff's entire lawsuit, the defendant, who is represented by counsel, had a duty and obligation to bring to the district court's attention this apparent error or at least to seek clarification of the district court's order in that regard. The appellant here does not shoulder this burden alone. An attorney licensed to practice in the state of Indiana has a duty to be candid with the Court, which includes not asserting a defense when the basis for doing so is frivolous. Indiana Rules of Professional Conduct, Rule 3.1. The Attorney General's office should never have allowed this case to proceed on appeal, and when it did allow this to occur, the Attorney General's office, instead of arguing speculation to this Court, should have conceded this appeal and saved a tremendous amount of judicial time and resources.
 
 III. Conclusion
 
 11
 The district court acted inadvertently in dismissing the plaintiff's entire cause of action in its order denying the plaintiff's motion for a preliminary injunction. We note, however, that we are not commenting on the district court's determination to deny the request for a preliminary injunction, as that issue is not before this Court. Accordingly, the district court's entry of judgment of dismissal is REVERSED. This case is hereby remanded to the district court for further proceedings including the voluntary dismissal by the plaintiff of Commissioner James E. Aiken, Deputy Commissioner John Nunn, Offender Relations Manager Don E. Silas, and Director of Classification Norman G. Owens.
 
 
 
 *
 Honorable J. Phil Gilbert, Chief District Judge for the Southern District of Illinois, is sitting by designation
 
 
 [1]
 See Tyler v. Carter, 151 F.R.D. 537 (S.D.N.Y.1993) for a discussion of a district court's power to dismiss cases sua sponte. In that case the district court justified his sua sponte dismissal of the complaint by holding that the standard for dismissal of claims under 28 U.S.C. Sec. 1915 as frivolous when such claims describe "fantastic or delusional scenarios, claims with which federal district judges are all too familiar" may also be properly applied to fee paying litigants by the exercise of the district court's power to dismiss a case sua sponte under Federal Rule of Civil Procedure 12(b)(6). To summarize the facts presented in the Tyler case, the plaintiff asserted that she was a cyborg and received her information through "proteus." Among other things, the plaintiff alleged that former President Jimmy Carter was the secret head of the Ku Klux Klan, and that he, Bill Clinton and Ross Perot are responsible for the murder of at least ten million black women in concentration camps